No. 34,872

G. KENNETH LEWIS, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SCOTT, *Appellant.*

(106 P. 2d 1061)

Opinion filed November 9, 1940.

*H. O. Trinkle* and *Roland H. Tate,* both of Garden City, for the appellant.
*Ray H. Calihan,* of Garden City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for medical services and medical supplies. A trial by the court resulted in judgment for plaintiff. Defendant has appealed.

The facts were stipulated and those deemed pertinent may be summarized as follows: That plaintiff resides at Garden City and is a duly licensed, authorized and practicing physician and surgeon. In the month of January, 1937, Clarence Crosby and his family, consisting of his wife and two children, Orvel Gene Crosby, nine years of age, and John Darrell Crosby, three months of age, resided in Scott county and were properly described as settlers there within the meaning of G. S. 1935, 39-305. On January 22, 1937, John Darrell Crosby was taken to St. Catherine's Hospital at Garden City, in Finney county, and remained there until his death, January 31, 1937. On January 24 Orvel Gene Crosby was taken to the same hospital and remained there until his death, March 16, 1937. After the children were received at the hospital it was found that each of them was suffering from cerebrospinal meningitis, a dangerous, contagious and infectious disease. The Crosby family and children were without funds or property and were unable to pay for medical attention or hospitalization. When these things were discovered Edna M. Markley, the poor commissioner of Scott county, was notified on some date not shown. She advised plaintiff and the hospital authorities that the county commissioners of Scott county would be in Garden City on February 15 and would make arrangements for the care and maintenance of the children. The county commissioners did not call at the hospital, as stated, and shortly after February 15 the plaintiff, nurses and hospital authorities called upon the county commissioners of Scott county and discussed the situation as to the care and maintenance of the children in the hospital and the medical attention being given to them. At that time plaintiff informed defendants that if they would pay for the bills presented by the hospital and the nurses, and the drug bill, that plaintiff and Doctor Sartorius, who was associated with plaintiff as a physician in care of the children, would not present bills for their services; but this proposition was not accepted. On March 8, 1937, Edna M. Markley, poor commissioner of Scott county, wrote to the superintendent of the hospital at Garden City that the county commissioners, in a special session held that day, had agreed to pay for the care of Orvel Gene Crosby from March 1, 1937, to the end of the month, according to the following plan: Five dollars a day for nursing care, two dollars a day for hospitalization, and that vouchers therefor might be submitted before the first Monday in April. Apparently this was not acceptable to the

hospital and the nurses. They later presented bills in larger amounts, but those items have been settled and are not involved in this action.

This action is for the services of the plaintiff as a physician in the treatment of the children, also for the services of Doctor Sartorius, who assisted in the treatment of the children and whose bill therefor was assigned to plaintiff, and for serum and other medical supplies used in the treatment of the children furnished by a drug company at Garden City, the bill for which was assigned to plaintiff. It was stipulated that the defendant herein did not authorize through its members, or through Edna M. Markley, the treatment of the children by the physicians nor the furnishing of the supplies by the drug company at Garden City. The court rendered judgment for plaintiff for the sum claimed by him for his services, and also for the sum claimed by the drug company, but denied the item for the services of Doctor Sartorius.

The only question argued on this appeal is whether defendant is liable under the facts stipulated. We think the legal question involved is tantamount to the one ruled upon in *Melencamp v. Stanton County Comm'rs*, ante, p. 571, 106 P. 2d 1059. There the court held the county was not liable unless some duly authorized official of the county approved or directed the performance of the service for which recovery is sought. This case differs from that one on the facts in but one particular. Here the patients and their parents were residents of the defendant county. In the other case the patient was not. We think this does not abrogate the necessity for official agreement or direction on the part of someone having authority to act or speak for the county. We think it unnecessary to go through the authorities again which were considered in the case cited.

The judgment of the court below is reversed with directions to render judgment for the defendant.